UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| CYNTHIA WHITE, individually and as Administratrix of the Estate of Brandon Miller, Deceased; and ERICA JARRETT, individually and on behalf of Brandon Miller, Jr.<br><br>    *Plaintiff*,<br><br>v.<br><br>SHANE MCKEE, individually and in his official capacity; DAVID ALLEN HARPER, individually and in his official capacity; DAN GILLEY, individually and in his official capacity; and BRADLEY COUNTY, TN<br><br>    *Defendants*. | Case No. 1:04-CV-188<br>Chief Judge Collier |

## **ORDER**

Before the Court is Plaintiffs Cynthia White and Erica Jarrett's (collectively "Plaintiffs") motion to amend the scheduling order (Court File No. 45). As cause for this motion, Plaintiffs state "due to the health condition of counsel for the Defendants and a recent change in counsel for the Defendants, there have been significant delays in document production and, as such, the current Scheduling Order is impracticable."(Court File No. 45 at 1). Plaintiffs also stated Defense counsel Jeffrey Atherton did not oppose the motion but since defense counsel "has not yet officially entered an appearance, Plaintiffs bring this Motion alone rather than as a joint motion." *Id*.

Defense counsel for Defendants Shane McKee, David Allen Harper, Dan Gilley, and Bradley County, Tennessee (collectively "Defendants") filed a response in opposition to Plaintiffs' motion (Court File No. 50). First, defense counsel argued "there has been no consent to the present motion, and in any event, there may be no Scheduling Order to amend in light of this Court's November 17,

2006 Order[1], continuing the trial and identifying the need for a 'rescheduling conference.'" (Court File No. 50 at 1-2). Defense counsel also pointed out the record reflects he has been lead attorney since November 23, 2005, contrary to Plaintiffs' argument he had not made an "official appearance." *Id*. at 2. Further, defense counsel stated he has provided Plaintiffs with completed and verified discovery responses, and the depositions in this case have been taken, with the exception of one defendant, who is scheduled to be deposed on December 13, 2006. Finally, Defendants asked the Court to proceed with its ruling on their motion for summary judgment as there has been no response.

Since the filing of Defendants' response, Plaintiffs have filed four notices to the Court and one affidavit. The first notice alerted the Court that Defendant McKee's deposition, scheduled for December 13, 2006, was cancelled by the defendant (Court File No. 52). As relief, Plaintiffs asked the Court to delay its decision on Defendants' motion for summary judgment. The second notice informed the Court Defendant McKee's deposition was rescheduled for December 27, 2006 (Court File No. 53). The third notice informed the Court Plaintiffs had been unable to obtain the transcript of Defendant Gilly's deposition testimony, and it would not be obtained until December 19, 2006 (Court File No. 54). Plaintiff's attorney submitted an affidavit, averring that Defendant Gilley's deposition testimony "is critical to the just resolution of the pending motion." (Court File No. 55 at 1). The final notice submitted to the Court stated the deposition of Defendant Harper, which began on November 28, 2006 and was scheduled to continue on December 13, 2006, was rescheduled for December 27, 2006 (Court File No. 56). In the affidavit and all of the notices, Plaintiffs argue these materials are essential to the fair outcome of Defendants' motion for summary

---

[1] The order was entered by United States District Judge Harry Mattice, Jr. on November 17, 2006. The case was subsequently transferred to this Court on November 21, 2006.

judgment.

The Court notes this is not Plaintiffs' first motion requesting to amend the scheduling order. The first motion was filed on November 10, 2006, and in addition to requesting an amended scheduling order, Plaintiffs also requested additional time to respond to Defendants' motion for summary judgment and to continue the trial date (Court File No. 41). On November 17, 2006, United States District Court Judge Harry Mattice, Jr. granted Plaintiffs' motion and stated "Plaintiffs shall reply to Defendants' Motion for Summary Judgment no later than December 11, 2006" (Court File No. 43 at 1). Additionally, the court noted it would, in due course, conduct a "rescheduling conference" to assign a new trial date. *Id.*

Considering Judge Mattice's order, this Court is unsure why Plaintiffs filed another motion to amend the scheduling order since their previous order was granted and no action was taken to change that order. Therefore, this Court construes Plaintiffs' motion as one requesting the "rescheduling conference" which Judge Mattice stated would be set in due course. Because the Court can set a new trial date without having a scheduling conference, the Court **DENIES** Plaintiffs' motion for a "rescheduling conference." Although it is clear from Judge Mattice's order that the purpose of the "rescheduling conference" would be to set a new trial date, this Court will also reset all other deadlines that have not already passed. The new dates will be set forth at the end of this order.

The Court also notes Plaintiffs still have not responded to Defendants' motion for summary judgment, even though the deadline set by Judge Mattice has now passed. To the extent Plaintiffs' "notices" to the Court may be construed as motions for an extension of that deadline until all depositions are completed and transcripts received, Plaintiffs' request is **DENIED**. This Court **ORDERS** Plaintiffs to respond to Defendants' motion for summary judgment on or before

**Thursday, December 21, 2006**.

**5**.     *Disclosure and Discovery*:

(i)     *Courtroom Technology:* Further, the parties shall confirm the compatibility/viability of their planned use of technology with the Court's equipment by **April 5, 2007.** General information on equipment supplied by the Court is available on the Eastern District of Tennessee website (www.tned.uscourts.gov). Specific questions about Court-supplied equipment should be directed to the courtroom deputy (directory available on website).

**6**.     *Other Scheduling Matters*:

(d)     *Motions in Limine*: Any motions in limine must be filed no later than **March 23, 2007.**

(e)     *Special Requests to Instruct for Jury Trial*: Pursuant to Local Rule 51.1, requests for jury instructions shall be submitted to the Court no later than **March 23, 2007** and shall be supported by citations of authority pursuant to Local Rule 7.4. A copy of the prepared jury instructions should be sent as an electronic mail attachment in Word Perfect or Word Perfect-compatible format to ***collier_chambers@tned.uscourts.gov***.

**7**.     *Final Pretrial Conference*: A final pretrial conference will be held in this case on **April 5, 2007 at 4:00p.m EST** before the United States District Judge, Room 317, U. S. Courthouse, 900 Georgia Avenue, Chattanooga, Tennessee. The parties shall prepare and submit a final pretrial order to the Court on or before the date of the final pretrial conference.

**8**.     *Trial*: The trial of this case will be held before the United States District Judge **and a jury** beginning on **April 23, 2007**. The trial is expected to last **4** days. Counsel shall be present at   **9:00 a.m.**   to take up any preliminary matters which may require the Court's attention. The parties shall be prepared to commence trial at **9:00 a.m.** on the date which has been assigned. If this case is not heard immediately, it will be held in line until the following day or anytime during the week of the scheduled trial date. **SHOULD THE SCHEDULED TRIAL DATE CHANGE FOR ANY REASON, THE OTHER DATES CONTAINED IN THIS ORDER SHALL REMAIN AS SCHEDULED. SHOULD THE PARTIES DESIRE A CHANGE IN ANY OF THE OTHER DATES, THEY SHOULD NOTIFY THE COURT AND SEEK AN ORDER CHANGING THOSE DATES.**

**SO ORDERED.**

**ENTER:**

                                                            **/s/**                                                            
                                                            **CURTIS L. COLLIER**
                                                            **CHIEF  UNITED  STATES DISTRICT JUDGE**